```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| HADDONBROOK ASSOCIATES, | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 08-0014 (JBS) |
| v. | : | **OPINION** |
| GENERAL ELECTRIC COMPANY, | : | |
| Defendant. | : | |

APPEARANCES:

Dakar R. Ross, Esq.
ROSS LAW FIRM
P.O. Box 297
Franklinville, NJ 08322
     -and-
Louis Cappelli, Jr., Esq.
FLORIO PERRUCCI STEINHARDT & FADER, LLC
108 Euclid Street
Woodbury, NJ 08096
     Attorneys for Plaintiff Haddonbrook Associates

Cynthia Stencel Betz, Esq.
Arnold L. Natali, Jr., Esq.
Steven Howard Weisman, Esq.
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
     Attorneys for Defendant General Electric Company

**SIMANDLE**, District Judge:

　　This matter is before the Court upon Defendant's motion for partial summary judgment as to one count of Plaintiff's four-count Complaint [Docket Item 13]. In its motion, Defendant General Electric Company ("GE") argues that Plaintiff's claim for trespass against it fails as a matter of law, because GE's entry

onto Plaintiff's property was authorized by a court order. For the reasons set forth below, the Court agrees with Defendant that it is entitled to judgment as a matter of law as to Plaintiff's trespass claim, and will thus grant Defendant's motion for partial summary judgment.

I.   BACKGROUND

A.   Facts

Plaintiff Haddonbrook Associates owns a parcel of land in Voorhees Township, New Jersey (the "Property"), which is adjacent to a piece of property that had previously been operated as a commercial landfill known as the Buzby Landfill (the "Landfill"). (Weisman Cert. Ex. 1 at 5, 16; Weisman Cert. Ex. 6.)  In 1991, the New Jersey Department of Environmental Protection ("NJDEP") issued a directive requiring a number of potentially responsible parties ("PRPs"), including Defendant GE and the Township of Voorhees, to investigate and remediate suspected environmental contamination in the Landfill.  (Weisman Cert. Ex. 1 at ¶¶ 22-23.)  Two years later, in 1993, the NJDEP and the PRPs signed an Administrative Consent Order, (Hamilton Cert. Ex. A), which required the PRPs to undertake expansive investigatory and remedial activities aimed at remediating the contamination in and around the Landfill site.  Thereafter, the NJDEP and the PRPs agreed to a Remedial Investigation Work Plan (the "RIWP") in order to implement the terms of the Administrative Consent Order.

2

(Hamilton Cert. ¶ 5.)

Under the terms of the RIWP, the PRPs were required to investigate the impact of the Landfill contamination outside of the boundaries of the Landfill site. (Weisman Cert. Ex. 9 at 49008, 49013.) This investigation included the installation of "temporary well points and possibly groundwater monitoring wells" on six off-site locations, (id. at ¶ 2), including an installation on the Property at issue in this lawsuit. (Weisman Cert. Ex. 10 at ¶ 10.) In the fall of 1994, the PRPs, through counsel for GE, sought access to the Property in order to install the temporary well point, but Plantation Homes, Inc. ("PHI"), which owned the property at the time,[1] denied the PRPs access. (Weisman Cert. Ex. 11.)

The PRPs subsequently commenced a lawsuit against PHI, Joseph Samost, and Stephen Samost in the Superior Court of New Jersey, Chancery Division, in which they sought access to the Property pursuant to N.J.S.A. 58:10B-16. Section 58:10B-16, as the Court explains in greater detail below, authorizes "[a]ny person who undertakes the remediation of suspected or actual contamination and who requires access to conduct such remediation

---

[1] On July 21, 2000, Joseph Samost, the president of PHI, signed a deed on behalf of PHI which transferred ownership of the Property from PHI to Haddonbrook Associates. (Weisman Cert. Ex. 6 at 1-2.) Mr. Samost is also the managing partner of Plaintiff Haddonbrook Associates, which he and his wife own. (Weisman Cert. Ex. 7 at 2.)

on real or personal property that is not owned by that person" to "seek an order from the Superior Court directing the property owner to grant reasonable access to the property." N.J.S.A. 58:10B-16(a)(1).

On December 2, 1994, the Chancery Division entered an injunctive "Order Granting Access" (the "Chancery Court Order"), which granted the PRPs' motion for injunctive relief pursuant to section 58:10B-16. (Weisman Cert. Ex. 13 at 1-2.) The Chancery Court Order provided in relevant part:

> The Plaintiffs are granted temporary access along with all necessary rights of ingress and egress to Defendants' Property (Block 206, Lot 12) located in Voorhees Township, Camden County in order to:
>
> (1) take surface water and sediment samples from a nearby stream;
>
> (2) install a temporary well point on Block 206, Lot 12 in order to sample groundwater;
>
> (3) install, maintain and sample a groundwater monitoring well on Block 206, Lot 12; and
>
> (4) perform any other necessary activities related to the above activities.
>
> IT IS FURTHER ORDERED that defendants and their agents, employees, attorneys and those acting in concert with them are hereby ENJOINED from in any way interfering with the plaintiffs' access to the property for the above listed remediation work.

(Id. at 2.) Neither PHI nor Haddonbrook Associates, nor any person affiliated with either company, sought to appeal or modify the Chancery Court Order since it was entered. (Def.'s Statement

of Undisputed Material Facts[2] ("SUMF") ¶ 20.)

Thereafter, pursuant to the Chancery Court Order, the PRPs installed a temporary well point and groundwater monitoring wells on the Property.  (Hamilton Cert. ¶ 7.)  Since the installation of the monitoring wells, the PRPs have taken multiple groundwater samples from Plaintiff's property, including, most recently, a series of semi-annual groundwater testing between 2003 and 2006. (Id. at ¶ 16.)

On September 10, 2005, Joseph Samost, Plaintiff's managing partner,[3] spoke with Lisa Hamilton, a representative of Defendant, requesting that the groundwater monitoring wells be relocated because they were "located within the footprint of a potential structure to be built in connection with [Mr. Samost's] future plans for the Haddonbrook Property."  (Id. at ¶ 17.)  Ms. Hamilton responded to Mr. Samost in a letter dated September 20, 2005, in which she informed Mr. Samost that she had spoken with the NJDEP about his request.  According to Ms. Hamilton's letter,

> NJDEP is willing to consider allowing GE and the Township to move the well in the future once you have a development plan that has been approved by the Voorhees Township Planning Office.  At this time, however, NJDEP requires that GE and Voorhees Township sample the well as

---

[2] Plaintiff failed to file a responsive statement of material facts as Local Civil Rule 56.1(a) requires.  Under Rule 56.1(a), "any material fact not disputed [through such a responsive statement] shall be deemed undisputed for purposes of the summary judgment motion."  L. Civ. R. 56.1(a).

[3] See Note 1, supra.

5

>    scheduled in November 2005 and May 2006.  Future sampling
>    of the well may also be required.  In our call you
>    indicated that the November sampling would not interfere
>    with your development.
>
>    As required by the Court Order, GE, the Township and its
>    representatives will provide you with a minimum of 24
>    hours advance written notice prior to entry onto the
>    property.

(Hamilton Cert. Ex. K at 1.)  There is no suggestion from the record that any development plan was submitted to the Voorhees Township Planning Office following Ms. Hamilton's letter. (Hamilton Cert. ¶¶ 19-21.)

On November 28, 2006, Eric Phillips, Esq., then-counsel for Plaintiff, sent a letter to Ms. Hamilton.  (Hamilton Cert. Ex. L.)  In the letter, Mr. Phillips stated:

>    Be advised that GE and/or its contractors, agents and
>    employees are hereby placed on notice <u>not to enter the
>    Property under any circumstances</u>.  The Superior Court
>    Order referenced in your letter is *twelve (12) years old*
>    and granted "temporary access" to the Property.  GE has
>    deliberately and intentionally exceeded the temporary
>    nature of the Court's order and has unjustly trespassed
>    and deprived my client of the ability to utilize his
>    Property without compensation . . . .  GE is further
>    advised to remove immediately any and all monitoring
>    wells and equipment that may remain on the Property and
>    restore the Property to its original condition.

(<u>Id.</u> at 1) (emphasis in original).

At approximately the same time, GE requested permission from the NJDEP to discontinue sampling the wells on Plaintiff's property, (Hamilton Cert. at ¶ 21), and on March 13, 2007, the NJDEP approved GE's request.  (Hamilton Cert. Ex. N at 1.) Accordingly, in a letter dated March 14, 2007, Defendant informed

Plaintiff that "General Electric no longer is required to sample the monitoring wells on Mr. Samost's property, but does need access to the property to properly decommission the wells as required by NJDEP."  (Hamilton Cert. Ex. O at 1.)  Plaintiff has since refused to permit Defendant to access the Property in order to decommission the wells.  (Hamilton Cert. ¶ 24, Ex. P at 1.)

**B. Procedural History**

Plaintiff commenced this action in the Superior Court of New Jersey, Law Division, on November 14, 2007.  Plaintiff's Complaint asserts four Counts against Defendant – a claim for strict liability for engaging in ultra-hazardous activities (Count I), nuisance (Count II), negligence (Count III), and trespass (Count IV).  Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1441(a) on January 3, 2008 and subsequently filed the motion for partial summary judgment as to Count IV of the Complaint [Docket Item 13] presently under consideration.  Plaintiff opposes Defendant's motion, although Plaintiff failed to file a responsive statement of material facts pursuant to Local Civil Rule 56.1(a);[4] as Plaintiff indicates in its opposition brief, it "rel[ies] upon the 'Statement of Facts' contained in defendant's supporting Brief and the Exhibits attached thereto."  (Pl.'s Opp'n Br. at 1.)

---

[4] See Note 2, supra.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

Where, as in this case, the nonmovant has failed to address the facts set forth in the movant's Statement of Material Facts not in Dispute, those stated facts are deemed undisputed for purposes of this motion under L. Civ. R. 56.1(a).

### B. Analysis

Count Four of Plaintiff's Complaint asserts a claim for

trespass pursuant to New Jersey common law.  Specifically, Plaintiff alleges that "[d]espite having had over twelve (12) years of unfettered access to Plaintiff's property, GE failed and refused to perform its monitoring and remediation activities in a timely, workmanlike or professional manner, and failed and refused to complete its monitoring and remediation activities within the 'temporary access' period granted by the court." (Compl. ¶ 30.)  The Complaint further asserts that "[f]rom time to time Plaintiff requested that GE expedite its activities and relocate the placement of its testing and well systems so as to allow Plaintiff to develop and improve its own property . . . [but] [s]aid requests by Plaintiff were summarily and unreasonably rejected by GE."  (Id. at ¶ 31.)  Defendant argues that it is entitled to partial summary judgment as to Plaintiff's trespass claim, because the undisputed facts of record demonstrate that GE's entry on to Plaintiff's property was authorized by the Chancery Court Order, rendering Plaintiff's trespass claim unsustainable as a matter of law.

For the reasons now discussed, the Court agrees with Defendant, and will grant its motion for partial summary judgment.  Under New Jersey law, "[t]respass constitutes the unauthorized entry . . . onto the property of another."  New Jersey Turnpike Authority v. PPG Industries, Inc., 16 F. Supp. 2d 460, 478 (D.N.J. 1998), aff'd 197 F.3d 96 (3d Cir. 1999)

9

(citation omitted, emphasis added); see also Pinkowski v. Township of Montclair, 299 N.J. Super. 557, 571 (App. Div. 1997) ("An action for trespass arises upon the unauthorized entry onto another's property, real or personal") (emphasis added).  In many cases, including the present case, "the dispositive issue regarding . . . [a plaintiff's] trespass claim is whether [the defendant's] entry was authorized as a matter of law." Pinkowski, 299 N.J. Super. at 572.

>     As the Restatement (Second) of Torts makes clear:
>
>     The privilege to execute an order of a court directing
>     the actor to . . . to do any . . . act on the land,
>     carries with it the privilege to enter the land for the
>     purpose of executing the order, provided that any writ
>     issued for the execution of the order is valid or fair on
>     its face.

Restatement (Second) of Torts § 210; see, e.g., Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd., 959 F.2d 49, 53 (5th Cir. 1992) ("the Restatement [] contains a privilege for entry pursuant to an Order of Court"); Skierkewiecz v. Gonzalez, 711 F. Supp. 931, 935 (N.D. Ill. 1989) ("a party cannot be liable for trespass if acting pursuant to and within the scope of a valid court order"); cf. O'Neil v. Daimlerchrysler Corp., 538 F. Supp. 2d 304, 318 (D. Mass. 2008) ("a person who has a privilege to enter the property of another cannot be liable for trespass"); Monsanto Co. v. Scruggs, 342 F. Supp. 2d 602, 606 (N.D. Miss. 2004) (same); Pinkowski, 299 N.J. Super. at 572 (same).

   The record in this matter makes plain that GE's entry onto

Plaintiff's property was authorized by the Chancery Court Order. In litigation in which Plaintiff's predecessor in title was a party, that Order granted Defendant "temporary access along with all necessary rights of ingress and egress to [the] Property" in order to "take surface water and sediment samples from a nearby stream," "install a temporary well point . . . in order to sample groundwater," "install, maintain and sample a groundwater monitoring well," and "perform any other necessary activities related to the above activities." (Weisman Cert. Ex. 13 at 2.) The Order, moreover, enjoined Mr. Samost and PHI, the company which sold the Property to Plaintiff,[5] from "in any way interfering with the plaintiffs' access to the property for the above listed remediation work." (Id.) The Order was entered pursuant to N.J.S.A. 58:10B-16, which authorizes "[a]ny person who undertakes the remediation of suspected or actual contamination and who requires access to conduct such remediation on real or personal property that is not owned by that person" to "seek an order from the Superior Court directing the property owner to grant reasonable access to the property." N.J.S.A.

---

[5] Plaintiff has not suggested that the transfer of ownership of the Property from PHI to Haddonbrook Associates – both of which companies Mr. Samost holds an ownership interest, see Note 1, supra – relieved Plaintiff from any obligation to comply with the terms of the Chancery Court Order. In any event, under the terms of the Order, Mr. Samost and his "agents, employees, attorneys and those acting in concert with them" are enjoined from interfering with Defendant's access to the Property. (Weisman Cert. Ex. 13 at 2.)

11

58:10B-16(a)(1).  Such orders for access, the statute makes clear, may include "[a] temporary or permanent injunction." N.J.S.A. 58:10B-16(a)(2)(a).  Under the plain terms of the Chancery Court Order, as well as the statute pursuant to which it was entered, Defendant's entry onto Plaintiff's property was "authorized as a matter of law," Pinkowski, 299 N.J. Super. at 572, which renders Plaintiff's trespass claim unsustainable. See, e.g., Restatement (Second) of Torts § 210.

Plaintiff's arguments to the contrary are not persuasive. In its principal argument, Plaintiff suggests that because the Chancery Court Order provided Defendant with a temporary, rather than permanent, right of access to the Property, such a right of access must have expired at some point prior to GE's entry onto the Property.  That is, while Plaintiff concedes that the Order itself does not expressly limit Defendant's right of access to a specific time period, it argues that whatever "temporary" meant, it must have meant "less than twelve years" at the very least. (Hamilton Cert. Ex. L at 1.)

The Court is unconvinced.  It is well-settled that court orders are not construed in a vacuum, but are instead interpreted in light of "the surrounding circumstances at formation."  Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 286 (3d Cir. 1991) (citation omitted); see also United States v. Spallone, 399 F.3d 415, 424 (2d Cir. 2005).  The Chancery Court

12

Order was entered in the context of a landfill contamination remediation program, and such environmental remediation projects commonly take years or decades to complete.  See, e.g., Action Mfg., Co., Inc. v. Simon Wrecking Co., Inc., 287 Fed. Appx. 171, 176 (3d Cir. 2008); New Jersey v. Gloucester Environmental Management Services, Inc., 591 F. Supp. 2d 744, 746 (D.N.J. 2008).  In light of the context in which the Chancery Court Order was entered, see Ford Motor Co., 930 F.2d at 286, Plaintiff's suggestion that the Order expired at the point when Plaintiff itself determined that it had been in effect for long enough is untenable.  See id. (construction of court orders must "give effect to the intention of the court, not to that of the parties").  If Plaintiff had questions about the temporal scope of the Chancery Court Order, or sought to be relieved from its terms, Plaintiff was free to petition the issuing court for relief or clarification – a right of which Plaintiff has never sought to avail itself.[6]  (Def.'s SUMF at ¶ 20.)  Plaintiff's unilateral interpretation of the Order authorizing Defendant's

---

[6] The Court does not understand Plaintiff's present lawsuit to seek to challenge the validity of the Chancery Court Order itself.  In any event, under the Rooker-Feldman doctrine, the Court lacks jurisdiction to entertain such a challenge. See Lance v. Dennis, 546 U.S. 459, 460 (2006) ("The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced") (internal quotations and citations omitted).

13

access to the Property did not, however, transform such court-authorized access into a trespass.

Finally, in its opposition brief, Plaintiff argues that the Court should deny Defendant's motion for partial summary judgment as premature, because Plaintiff's counsel has not yet had the opportunity to review the entirety of the documents Defendant produced in response to Plaintiff's discovery requests. Plaintiff "failed to file an affidavit pursuant to Federal Rules of Civil Procedure 56(f) identifying 'with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" Bradley v. United States, 299 F.3d 197, 206 (3d Cir. 2002) (quoting St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994)). The Court of Appeals has "made clear that, in all but the most exceptional cases, failure to comply with Rule 56(f) is fatal to a claim of insufficient discovery," and has rejected arguments concerning a litigant's effort at "constructive compliance" with the Rule 56(f) affidavit requirement. Id. at 207. Plaintiff's failure to suggest how more discovery would supply facts necessary to defeat this motion is all the more troubling when Plaintiff has failed to address any of the uncontested facts, as required by L. Civ. R. 56.1.

Even if the Court were to entertain Plaintiff's procedurally deficient insufficient discovery argument, however, it would not

14

preclude the entry of partial summary judgment as to the trespass claim. Plaintiff had five months after the initial conference and before this motion was filed to obtain whatever discovery it needed to support its trespass claim. In its brief, Plaintiff argues that it hopes to produce evidence that GE "failed to make diligent efforts" to have the wells "decommissioned as expeditiously as possible." (Pl.'s Opp'n Br. at 3.) That is, Plaintiff seeks to adduce evidence in support of its allegation that Defendant failed to act "in a timely, workmanlike or professional manner." (Compl. ¶ 30.) Such information, however, even "if uncovered, . . . would [not] preclude summary judgment" as to Plaintiff's trespass claim. <u>Bradley</u>, 299 F.3d at 206 (citation omitted). While such information could conceivably bear upon the negligence claim Plaintiff asserts in Count III of the Complaint – a matter as to which the Court expresses no opinion – it would not preclude the entry of summary judgment as to the trespass claim in Count IV, because even if Plaintiff proves that Defendant might have acted more "expeditiously," (Pl.'s Opp'n Br. at 3), it would not create a triable question of fact as to whether Defendant engaged in an "<u>unauthorized</u> entry . . . onto the property of another." <u>PPG Industries, Inc.</u>, 16 F. Supp. 2d at 478 (emphasis added); <u>see also</u> <u>Pinkowski</u>, 299 N.J. Super. at 572. As a matter of law, Defendant's entry was authorized by the Chancery Court Order, <u>see</u>, <u>e.g.</u>, Restatement

15

(Second) of Torts § 210, and, again, if Plaintiff had questions concerning the scope of that Order, its recourse was to seek guidance or relief from the issuing court. It was thus not for Plaintiff to decide when the Chancery Court's order would have no force and effect; it was for the Chancery Court alone, and Plaintiff never sought to abate or amend that court's order for entry onto Plaintiff's property.

Because the evidence in the record demonstrates that there is no "genuine issue as to any material fact" regarding Plaintiff's trespass claim, Fed. R. Civ. P. 56(c), and because Plaintiff has not "show[n] by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition" to the entry of summary judgment as to the trespass claim, Fed. R. Civ. P. 56(f), the Court will grant Defendant's motion for partial summary judgment as to Count IV of the Complaint.

### III. CONCLUSION

For the reasons explained above, Defendant's motion for partial summary judgment will be granted upon Count IV (trespass). The accompanying Order will be entered.

**March 13, 2009**              s/ Jerome B. Simandle
Date                                            JEROME B. SIMANDLE
                                                United States District Judge